# Rinaker v. Dollar Savings Fund & Trust Company, Appellant.

*Equity—Subrogation—Pledge of collateral—Fraud—Payment—Executors and administrators—Insolvent estate.*

An administrator is not entitled to retain bonds wrongfully pledged by the decedent, until he is paid the amount he has expended in payment of the decedent's note for which the bonds were a collateral security. In such a case, the payment of the note gives no right to subrogation. Royal Arcanum v. Cornelius, 198 Pa. 46, followed.

The fact that the person really entitled to the bonds knew where the bonds were and that they had been wrongfully pledged, before the administrator paid the note and redeemed the bonds, does not estop such person from asserting his right to the bonds.

*Equity—Jurisdiction—Remedy at law—Practice, C. P.*

Objection to jurisdiction in equity because of an adequate remedy at law, comes too late, if it is not made until after the findings of fact and law have been filed, and a decree nisi has been entered.

Argued Nov. 5, 1907. Appeal, No. 115, Oct. T., 1907, by defendant, from decree of C. P. No. 3, Allegheny Co., Aug. Term, 1906, No. 826, on bill in equity in case of Thomas Rinaker, Receiver of the Enterprise National Bank of Allegheny v. Dollar Savings Fund & Trust Company, a Corporation, Administrator c. t. a. of the Estate of T. Lee Clark, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Bill in equity for an injunction, and to compel the surrender of bonds.

Evans, J., filed the following opinion:

### FINDINGS OF FACT.

1. The Enterprise National Bank has for many years been a corporation in the city of Allegheny, county of Allegheny, and state of Pennsylvania, and on October 18, 1905, said bank was declared to be insolvent by the comptroller of the currency, and on December 1, 1905, the plaintiff, Thomas Rina-

ker, was appointed receiver, with authority from the said comptroller to wind up the affairs of said bank.

2. The defendant, the Dollar Savings Fund & Trust Company, is a corporation of Pennsylvania, and was in the month of October, 1905, appointed administrator c. t. a. of the estate of T. Lee Clark, deceased, who died on October 18, 1905, testate.

3. On or about October 6, 1903, said Enterprise National Bank discounted the note of David G. Gregg for $2,100, who pledged with the bank as collateral security for the payment of the same three bonds of the Columbia Plate Glass Company, a corporation of Pennsylvania, in the denomination of $1,000 each, numbered 101, 102 and 103, respectively, dated July 1, 1901, payable twenty years after date, and bearing interest at the rate of six per cent per annum.

4. Some time between the date of July 1, 1903, and October 18, 1905, T. Lee Clark, who was the cashier of the said Enterprise National Bank, and while acting as said cashier, fraudulently abstracted from the said Enterprise National Bank the three bonds described in the foregoing paragraph, and appropriated the said bonds for his own use; and subsequently, on October 2, 1905, pledged the said stocks, inter alia, with the Bank of Pittsburg, National Association, as collateral security for the payment of his individual note for the sum of $5,946.87, and the said bonds were still in the possession of the said Bank of Pittsburg, National Association, pledged as the security of the said note of T. Lee Clark on the day of the death of said Clark, to wit: October 18, 1905.

5. On May 9, 1906, the defendant, the administrator of the estate of said Clark, paid to the Bank of Pittsburg, National Association, the amount of the debt of said Clark evidenced by his note, and thereupon said three bonds of said Columbia Plate Glass Company were delivered to the defendant.

6. David G. Gregg has never paid his indebtedness to the Enterprise National Bank for which he pledged the said bonds of the Columbia Plate Glass Company as collateral security.

7. The defendant, as administrator of the estate of said Clark, has collected the coupons on said bonds maturing January 1, 1906, and July 1, 1906, amounting to $180.

### CONCLUSIONS OF LAW.

1. The plaintiff, as receiver of the Enterprise National Bank and pledgee of David G. Gregg, is entitled to the possession of the three bonds of the Columbia Plate Glass Company, mentioned in the findings of fact, and the defendant has not right or title thereto as against the plaintiff and David G. Gregg.

2. The plaintiff is entitled to a decree enjoining and restraining the defendant from, in any manner, selling or disposing of the said three bonds of the Columbia Plate Glass Company.

3. The plaintiff is entitled to a decree adjudging that defendant deliver to him the three bonds of the Columbia Plate Glass Company, mentioned in the findings of fact, unconditionally, and shall pay to the said plaintiff the sum of $180, interest on the said bonds received by it.

4. That the costs be paid by the defendant.

*Error assigned* was the decree of the court.

*Edward C. Chalfant*, with him *Thomas P. Trimble*, for appellant.—The appellant in this case would never have redeemed these bonds if it had known they belonged to the bank instead of to the decedent. It would not have dared to use the trust funds of the creditors for such a purpose. On the other hand, it was the duty of the receiver of the bank to notify the appellant of its claim to these bonds after receiving the list of notes and collateral of the decedent above mentioned : Westinghouse v. German Nat. Bank, 188 Pa. 630 ; Roland v. Lancaster County Nat. Bank, 135 Pa. 598.

It is not a sufficient reason for the interference of a court of equity that the defendant is insolvent. Insolvency alone is not a ground for equitable interference : Heilman v. Union Canal Co., 37 Pa. 100.

There was an adequate remedy at law : Pittsburg & Allegheny Drove Yard Co.'s Appeal, 123 Pa. 250 ; Goodwin Co.'s Appeal, 117 Pa. 514.

*John S. Wendt*, with him *Johns McCleave*, for appellee.—The question of the jurisdiction of the court below to entertain a bill in equity in this case was not raised until after the hear-

ing, and until after the court below had made its findings of fact and conclusions of law, which we submit is too late.

However, the jurisdiction of a court of equity to entertain a bill in cases of this character is settled. Stocks and bonds may be recovered in specie by a suit in equity where they have been fraudulently obtained by one who stood in a confidential relation to the owner thereof: Steinmeyer v. Ewalt Street Bridge Co., 190 Pa. 471; Abbott v. Reeves, 49 Pa. 494.

A suit by a receiver of an insolvent national bank to compel restitution of property unlawfully diverted by an officer of the bank, is one to execute a trust, and involves an account as to trust funds, and hence is of equitable cognizance: Cooper v. Hill, 94 Fed. Repr. 582; Hayden v. Brown, 94 Fed. Repr. 15.

Notwithstanding the fact that the bonds in question were pledged by Clark to the Bank of Pittsburg as security for his debt, and that his administrator paid the debt of Clark out of the funds of his estate in order to acquire possession of said bonds, plaintiff is entitled to recover the bonds without reimbursing the administrator: Royal Arcanum v. Cornelius, 198 Pa. 46.

OPINION BY MR. JUSTICE FELL, January 6, 1908:

The cashier of the Enterprise National Bank fraudulently abstracted bonds which had been pledged with it as collateral security for a loan of money, and pledged them with other bonds as security for a loan he obtained from the Bank of Pittsburg on his own note and for his own use. His note was unpaid, and the bonds were in the possession of the Bank of Pittsburg at the time of his death. The administrator of his estate, on receipt of notice from the bank that unless the note was paid the collateral would be sold, paid the note and received the bonds.

The release of the bonds from the lien and possession of an innocent holder for value was the result of the payment of a debt by one whose duty it was to pay it, and who paid it with funds appropriated for that purpose. It gave rise to no right of subrogation. In principle there is no ground on which the case can be distinguished from Royal Arcanum v. Cornelius, 198 Pa. 46, in which it was held that an executrix was not en-

titled to retain bonds wrongfully pledged by a decedent until she was paid the amount she had expended in payment of the note for which they were a collateral security.

The fact that the plaintiff was given a list of the notes on which the name of the cashier appeared as maker or indorser, with the securities pledged for their payment, before the administrator paid the note and redeemed the bonds in question, did not estop him from asserting his right to the bonds. The list was not given to him in order that he might ascertain whether the securities pledged belonged to the bank; no request for information was made; nor was notice of an intention to redeem the bonds given. Assuming, as we do, because an offer of proof to that effect was overruled, that the plaintiff knew that the Bank of Pittsburg held the bonds, neither this knowledge nor the notice received imposed a duty upon him to speak.

If there was any merit in the objection to jurisdiction in equity because of an adequate remedy at law, the objection came too late. It was first made after the findings of fact and law had been filed and a decree nisi had been entered: Fidelity Co. v. Weitzel, 152 Pa. 498; Harrington Brothers v. Florence Oil Co., 178 Pa. 444; Williams v. Church, 193 Pa. 120.

The decree is affirmed at the cost of the appellant.