Roma E Provincia Building and Loan Association
v. Penza, Appellant.

Argued September 28, 1934.

Before KELLER, CUNNING-
HAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Louis F. McCabe,* for appellant.

*F. B. Masino,* and with him *John Alessandroni,* for
appellee.

OPINION BY KELLER, J., November 22, 1934:

This was an action brought by the plaintiff against
the defendant to recover taxes and water rents on
nine properties on Durfor Street, Philadelphia, for
the years 1929, 1930, 1931 and 1932, which the plain-
tiff, as purchaser at sheriff's sale, had been compelled
to pay, and for which, it was alleged, the defendant,
as registered owner, was liable.  On August 1, 1932
the sheriff of Philadelphia County executed a deed to
the plaintiff for two of the properties; and on October
17, 1932, for the remaining seven properties.  It was
alleged that on June 28, 1929, the defendant became
the owner of all nine properties by deed recorded in
Deed Book J.M.H. No. 3040, p. 154, etc.

The defendant filed an affidavit of defense in which he admitted that the said properties had been conveyed to him by deed dated June 27, 1929, recorded as aforesaid, but averred that the plaintiff had consistently, from the date of said conveyance, denied that by said conveyance defendant had become the owner of the premises in question and had instituted proceedings in the Court of Common Pleas No. 5 of Philadelphia County, sitting in equity, against Clorinda Spinelli, the grantor in said conveyance, and this defendant, to have the conveyance declared null and void, as in fraud of the creditors of said Clorinda Spinelli; which proceedings resulted, on December 31, 1931, in a final decree adjudging the said conveyance to be fraudulent and ordering the defendant to reconvey the same to said Clorinda Spinelli, the grantor; that on December 16, 1929, in the equity proceedings above mentioned, the court, at the prayer of the plaintiff herein, had appointed a receiver to take charge of and manage the said properties, pending the termination of said proceedings in equity; and that the account of said receiver showed that from December 16, 1929 to October 8, 1932 he had received on account of rents of the properties the following sums of money, to wit:

"1128 Durfor Street .............. $469.10
1130 Durfor Street .............. 579.00 ·
1132 Durfor Street .............. 70.00
1134 Durfor Street .............. 48.00
1136 Durfor Street .............. 401.00
1138 Durfor Street .............. 392.00
1140 Durfor Street .............. 367.00
1142 Durfor Street .............. 587.00
1144 Durfor Street .............. 400.00"

Defendant also averred that these sums of money were received for the benefit of the plaintiff and *that the taxes which plaintiff was compelled to pay were paid out of these sums.*

The court below entered judgment against defendant for $1,429.04, and accrued interest, for taxes and water rents for the years 1930, 1931 and 1932, stating that the "account of the receiver of these properties appointed by this court pending the original litigation in equity is a matter of official record, and shows how the rents collected by the agent of the court were disbursed. None of them were used to pay taxes or water rents."

The taxes for 1929 were, of course, not recoverable, for the defendant did not become the registered owner of the properties until June 27, 1929; King v. Mt. Vernon Bldg. Assn., 106 Pa. 165; Theobald v. Sylvester, 27 Pa. Superior Ct. 362, 365; Provident Trust Co. v. Judicial B. & L. Assn., 112 Pa. Superior Ct. 352, 356, 171 A. 287. Water rents are not taxes, and are not recoverable by the purchaser at sheriff's sale from the owner not in occupancy of the premises; for the City of Philadelphia has no right to bring an action of assumpsit, to which the purchaser can be subrogated, against such owner, for water rents or water rates. The City's rights against such owner are limited to filing a municipal claim against the premises, a lien in rem: Provident Trust Co. v. Judicial B. & L. Assn., supra, pp. 358, 359; Theobald v. Sylvester, 27 Pa. Superior Ct. 362, 366; O'Donnell v. Neely, 66 Pa. Superior Ct. 351.

The defendant did not aver, in his affidavit of defense, that the receiver had paid the taxes, etc. out of the rents received by him. If he had done so, it would have been proper for the court to examine the record of its proceedings to see if they supported the averment; otherwise not: Cain v. Crow, 114 Pa. Superior Ct. 567, 174 A. 589. What defendant averred, in substance, was that the plaintiff had paid the taxes, etc., for which it made claim of the defendant, out of the moneys which it had received from these rents.

If this averment is true,—and for the purposes of this appeal, we must accept it as true,—the plaintiff's right, under the facts averred in the pleadings, to recover the taxes from this defendant, during the period covered by the litigation which resulted in a decree that the defendant was not the owner, but must reconvey to plaintiff's debtor, it having received from the receiver the moneys used to pay the taxes, is not so clear, in our opinion, as to warrant a summary judgment against defendant. The equities of the case, —for a suit of this nature is based on the equity of subrogation (South Philadelphia State Bank's Insolvency, 295 Pa. 433, 435, 145 A. 520; National Surety Co. v. Franklin Trust Co., 313 Pa. 501, 170 A. 683) and will not be enforced where the equities are equal' or the rights are not clear: Royal Arcanum v. Cornelius, 198 Pa. 46, 49, 47 A. 1124; Integrity Trust Co. v. St. Rita B. & L. Assn., 112 Pa. Superior Ct. 343, 345, 171 A. 283,—can best be determined on a trial, where all the relevant facts may be presented.

It is well settled that if a plaintiff is not clearly entitled to judgment for want of a sufficient affidavit of defense, it should not be entered. If the right is in substantial doubt, judgment will not be summarily entered: Gordon v. Continental Casualty Co., 311 Pa. 109, 111, 166 A. 557; Ashland Towson Co. v. Kasunic, 110 Pa. Superior Ct. 496, 168 A. 502.

We think the case should go to a trial.

Judgment reversed, with a procedendo.