Superior Steel and Wire Co., Appellant, *v.* Sobel.

Argued October 2, 1936. Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Harry Fischer*, of *Illoway & Fischer*, for appellant.

*Frank B. Brennan*, with· him *Benjamin S. Sternthal*, for appellee.

OPINION BY JAMES, J., December 11, 1936:

Plaintiff sued in assumpsit and the summons, returnable the first Monday of October 1935, and statement of claim, with notice to file an affidavit of defense, were served upon defendant on September 24, 1935. On October 10, 1935, judgment was entered for want of an affidavit of defense. Some time later on that day, counsel for defendant filed an affidavit of defense in the office of the prothonotary, but failed to note that judgment had already been entered. On October 18, 1935, a petition to open judgment was filed by the defendant, at which time he proffered his affidavit of defense. On October 25, 1935, the court made absolute the rule to open the judgment and directed the proffered affidavit of defense to be filed. From the order granted, plaintiff appeals.

Appellant does not challenge the discretion of the lower court in opening the judgment upon the grounds set forth in the petition, but contends that the affidavit was insufficient. In determining this question, we must keep in mind the oft repeated rule that judgment for want of a sufficient affidavit of defense will only be entered in cases which are clear and free from doubt: *First Natl. Bank of York v. Bair et al.*, 315 Pa. 463, 173 A. 329; *Roma E. Provincia B. & L. Assn. v. Penza*, 115 Pa. Superior Ct. 201, 175 A. 430.

Appellant brought suit for a shipment of "Red Hed Cold Band Bale Ties," on February 7, 1935, amounting to $1,239.55, and a shipment on March 5, 1935 of "Single Loop Bale Ties Oiled," amounting to $388.33. The affidavit of defense admitted that defendant had received the goods for which suit was brought, but

averred that the shipment of February 7, 1935 had been immediately resold to certain specified customers, and further averred that at the time of the ordering of the goods, R. D. Buckwalter, sales manager for the eastern district of Pennsylvania, had warranted the goods, to wit, "baling wire to be of three hundred and seventy pound tensile strength"; that after an examination and test of the baling wire, it was discovered, by the defendant and the customers to whom defendant sold the wire, that it was only of 320 pound tensile strength and unfit for the purposes intended by defendant and his customers; that upon discovery of the unfitness of the wire on February 20, 1935, defendant notified R. D. Buckwalter, who made an examination and agreed that the goods were unmerchantable and promised to replace them, but the replacement was never made. In addition, defendant claimed a credit of $400, which R. D. Buckwalter, the agent, in June 1934, had agreed to make upon a shipment of baling wire in May 1934, which had been sold to various identified customers and had been found, upon examination, not to be of sufficient tensile strength. Defendant further averred that although the goods had been received and accepted by him, because of their immediate resale, he had no opportunity for examination and the breach of warranty was only discovered when complaints were made by the customers. It will be noted that the defense of breach of warranty as to the goods sold is confined to the shipment of February 7, 1935, raising no question as to the shipment of March 5, 1935, as to which item the setoff of $400 fully covers.

We are not convinced that the affidavit of defense is vague and evasive. It sets forth the nature of the breach, how and when it was discovered, and when and to whom notice was given. See *Wright v. General Carbonic Co.*, 271 Pa. 332, 114 A. 517; *Descalzi v. North*

*American Fruit Exchange,* 96 Pa. Superior Ct. 293. Section 49 of the Sales Act of May 19, 1915, P. L. 543, provides: "...... But if, after acceptance of the goods, the buyer fail to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows or ought to know of such breach, the seller shall not be liable therefor." It is apparent that by mere inspection, the tensile strength of the wire could not be determined, and we, therefore, cannot, as a matter of law, hold that the period from February 7 to February 20—the date on which defendant notified plaintiff's agent of the breach of warranty—was sufficient within which defendant ought to have known the warranty had been broken. Criticism is made that the affidavit of defense does not aver that R. D. Buckwalter, through whom the sale, was effected, was the duly authorized agent of the plaintiff. At the trial, it will be incumbent upon defendant to establish that Buckwalter was the duly authorized agent, yet if he was the agent through whom the sale was effected, clearly he was the proper agent to whom notice of the breach of warranty should have been given. Although the affidavit of defense admits the receipt and acceptance of the goods, it was not such an unqualified acceptance as would preclude defendant from asserting a breach of warranty, within a reasonable time after he knew or ought to have known of such breach. As to the averment claiming a setoff of $400, it is in substance similar to the averment alleging breach of warranty.

Our examination of the pleadings leads us to the conclusion that the rights of the parties can best be determined by a trial upon the merits and not by summary judgment.

Order affirmed.