## In re Patterson Building and Loan Association No. 3

*Alfred F. Conard,* for exceptant.

*John Adams, Jr.,* contra.

*Herbert P. Sundheim,* for Secretary of Banking.

ROSEN, J., October 14, 1938.—Provident Trust Company, trustee, under deed of William C. Allen and Elizabeth C. B. Allen, filed a claim for 1933 and 1934 taxes on

premises 7310 Briar Road, Philadelphia, Pa. It appears that the Patterson Building & Loan Association No. 3 held a second mortgage on this property, and had instituted foreclosure proceedings thereon, the property being listed for sale for November 5, 1934. Prior to the sale, the City Solicitor of Philadelphia wrote a letter to Moss & Moss, attorneys for the association, requesting a letter from them to the effect that city and school taxes on the property in question would be paid within 30 days of the sale in the event that the said attorneys become the purchaser; otherwise the city solicitor would bid at the sheriff's sale a sum sufficient to cover such taxes. To this letter Moss & Moss replied under date of November 5, 1934: "In accordance with your request, I agree, should I purchase premises 7310 Briar Road in the above sale, to pay all taxes due thereon within 30 days after such sale." This letter was signed Moss and Moss, by Emanuel Moss. The sheriff's sale was held, the City of Philadelphia made no bid, and it was sold to Moss & Moss, attorneys on the writ, for a nominal sum, and title was taken by the association on November 13, 1934. Taxes for the years 1933 and 1934 were unpaid at the time the association took title, and neither the association nor Moss & Moss, on its behalf, paid these taxes.

Claimant was the holder of a first mortgage on this property. It foreclosed its mortgage and purchased the same at sheriff's sale for a nominal bid, and received a sheriff's deed dated May 20, 1935, which was duly recorded. At the time claimant took title from the sheriff, there still remained unpaid the aforesaid 1933 and 1934 taxes, which claimant accordingly paid on May 27, 1935.

Claimant now seeks to be subrogated to the right of the city to recover the taxes in question, in accordance with the agreement made on behalf of the association by Moss & Moss, whose authority to act for it is not challenged.

At the time the taxes for the years 1933 and 1934 accrued on this property, the association was neither the

real nor registered owner of this property. It was, therefore, not liable for the payment of these taxes. The primary liability was upon the owner of the property, and whatever liability the association assumed by the aforementioned letter of Moss & Moss was a secondary liability. The right of subrogation does not extend against one who is secondarily liable: 60 C. J. 712, 713, sec. 25. As was said by the Superior Court in Commonwealth, for use, v. Baldwin Brothers Co. et al., 122 Pa. Superior Ct. 403, 408:

" 'The object of subrogation is to place a charge where it ought to rest, by compelling the payment of a debt by him who ought in equity to pay it. "In short the doctrine of subrogation is that one who has been compelled to pay a debt which ought to have been paid by another is entitled to exercise all the remedies which the creditor possessed against that other, and to indemnity from the fund out of which should have been made the payment which he made": Sheldon on Subrogation, sec. 11. There can be no right of subrogation in one whose duty it is to pay, or in one claiming under him, *against one who is secondarily liable.* . . . In such a case payment is extinguishment. Nor will subrogation ever be enforced where the equities are equal, or the rights not clear, nor to the prejudice of the legal or equitable rights of others': Royal Arcanum v. Cornelius, 198 Pa. 46, 50, 47 A. 1124. See also, Com. v. American Surety Co., 112 Pa. Superior Ct. 270, 170 A. 305, affirmed 315 Pa. 428, 172 A. 844; Sundheim v. Phila. School Dist., 311 Pa. 90, 166 A. 365." (Italics supplied.)

Claimant in this case paid the taxes in relief of the owner of the premises and not in relief of the association. The agreement made by Moss & Moss, on behalf of the association, was not made for the benefit of claimant but for the benefit exclusively of the City of Philadelphia. Indeed, claimant had not then paid these taxes, nor was it then at all certain that claimant would at any time be compelled to pay the same. We conclude, therefore, that

claimant is not entitled to subrogation against the association for the 1933 and 1934 taxes on 7310 Briar Road, Philadelphia, Pa., and the claim is, therefore, disallowed.