## Culin's Appeal.

1. Where a legacy is devised in absolute terms, but a condition is annexed to its payment, which, by the act of God, becomes impossible, the condition is discharged, and the legacy becomes absolute.

2. A testator devised all his estate, real and personal, to his wife during her natural life; and after her decease to his eight children, including Hannah, who was then married, all his real estate, and whatsoever then remained of the personal estate, to be equally divided between them. But he added that he left in trust to a person named, the share devised to his daughter Hannah, on the condition that if her husband should continue to refrain from taking strong drink to excess, *for one year after the decease of the testator's widow*, then her portion to be paid to her; but if her husband should prove to be of intemperate habits, then *the interest* only to be paid to her annually, and at her decease the principal sum to be paid *to her son*. The husband of Hannah, the devisee, died *during the lifetime of the widow of the testator* :

It was *held*, that the legacy or share devised to Hannah, was payable to her absolutely.

CERTIORARI to the Orphans' Court of *Delaware county*, in the matter of the appeal of Justis Culin, administrator of the estate of Benjamin Wright, deceased, from the decree of the said Court. The dispute arose under the will of *Israel Urian*.

The testator devised to his wife all his estate, both real and personal, during the term of her natural life. He further devised, from and after the decease of his wife, to his eight children, (Hannah, who was then married, being one,) all his estate, both real and whatsoever then remained of the personal estate, to be equally divided between them. But he added that he left in trust to a person named, the share allotted to his daughter Hannah, to be paid to her "*on the conditions following*," which were, that if her husband should continue to refrain from taking strong drink to excess for one year after the decease of the testator's wife, then his said daughter's portion should be paid to her as to his other children. But if the said husband should prove to be of intemperate habits, then *the interest* only to be paid to her annually by the trustee, and at her decease the principal sum to be paid to her son.

The husband of Hannah died about five years *before* the decease of the widow of the testator.

In the account of the administrator *cum testamento annexo* of Israel Urian, deceased, the balance of proceeds of personal and real estate exceeded $4700. An auditor was appointed to make distribution, who reported in favor of the payment to Hannah, the daughter of the testator, of her share of the estate, *absolutely*. On the part of the heirs of her son exception was taken to the report.

October 5, 1852, the report of the auditor was confirmed.

[Culin's Appeal.]

It was assigned for error, that the Court should have ordered that the money be paid to the trustee named in the will for investment, the *interest* only to go to Hannah during her life, and at her death the principal sum to be paid to the representatives of her son.

*Todd*, for appellant.—It was contended that the money was not to be paid to the daughter but *upon condition*. That this was a condition precedent which should be performed before she was entitled to the money: 4 *Kent* 125. This "even when the condition has become impossible:" 2 *Dallas* 317; 2 *Bouvier's Bacon* 291; tit. "*Conditions*."

If two clauses in a will are inconsistent with each other, the last is to prevail: 3 *Wharton* 162, 168, Lewis' Estate.

*E. Darlington*, contrà.

The opinion of the Court was delivered, January 20, by

LEWIS, J.—The question arising upon the construction of the will in this case is, whether the testator intended to prefer his grandson over his own daughter. After giving a life estate to his wife, he gives a residuary share to his daughter Hannah, in terms as absolute as it is possible to express them. But he afterwards appoints a trustee, who is directed to observe certain conditions in regard to the payment of it. If his daughter's husband continues to refrain from taking strong drink to excess, for one year after the death of testator's widow, the daughter's portion was to be paid to her as to the other children. But, if otherwise, and he should prove to be of intemperate habits, then the interest only was to be paid to her annually; and, at her decease, the principal is given to her son Benjamin. Peter Wright, the husband, died before the testator's widow; so that it became impossible to bring the legacy within either of the conditions respecting its payment. A dead man cannot be said to refrain from drinking to excess, within the meaning of the testator, although, in another sense, nothing is a more peremptory termination of such excesses than the solemn sobriety of the grave. Nor can it, with any propriety, be said of him, that, while quietly reposing under the clods of the earth, he indulged in intemperate habits; so that the legacy to the grandson never vested, because it was to take effect only upon the happening of this last event, and upon the necessity thereby created of withholding payment from the daughter. The general intent, which overbears all others in this will, is to secure the share of the daughter from being wasted by the improvidence of her intemperate husband. As between the daughter and the grandson, the former was first in the thoughts of the testator, when he gave her, in absolute terms, a full share of his estate.

She was still in his thoughts when he created the trust for the purpose of preserving her interests from the intemperate habits of her husband. With affectionate consideration of her unfortunate condition, he desired to promote her interests when he hopefully offered encouragement for her husband's reformation, by directing the payment, in that case, to be made to her as to the other children. And .he manifested the same unshaken regard for her, even when he yielded to the necessity of withholding the principal from her, after her husband had proved, by his conduct, that it could not be paid to her with any advantage or safety. But his death removes all obstacles; and renders its payment to her perfectly safe, and, therefore, entirely consistent with his will. When a son attempts to seize the inheritance which the natural current of human affection would carry to the mother who brought him into existence, and nourished him during the period of helpless infancy, he should establish a title entirely free from doubt. No ·such title is shown. The case is clearly with the daughter upon the manifest intention of the testator. It is equally clear upon the law of conditions, which has been invoked to defeat her. In this case the gift to her was absolute in the first place, and the condition was annexed to the *payment*, not to the *gift*. It is therefore a condition subsequent, which was possible in its creation, but became impossible afterwards by the act of God. In such a case the rule is familiar and well established, that the condition is discharged and the legacy becomes absolute.

It is ordered and decreed, that the decree of the Orphans' Court be affirmed.