## Renner's Estate

Before Van Dusen, P. J., Sinkler, Klein, Bolger, Ladner, and Hunter, JJ.

The facts appear from the following excerpt from the adjudication of

KLEIN, J., auditing judge.—By the sixth paragraph of his will testator provided as follows:

"All the rest, residue and remainder of my estate, real and personal, of whatsoever kind and wheresoever situate, I give, devise and bequeath unto my executrix, hereinafter named, IN TRUST, however, for the maintenance of my pets, which I leave to her kind care and judgment, and for their interment upon their respective deaths in the Francisvale Cemetery. Upon the death and interment of the last of my pets to survive, I give, devise and bequeath my entire residue estate so held in trust unto the said Mary Faiss Riesing, absolutely and in fee."

The petition for distribution, executed by Mary Faiss Riesing, accordingly requests an award of the "residue of personalty and income, in trust under the terms of the sixth paragraph for the maintenance and interment of testator's pets, one cocker spaniel dog, age seven and one Cuban parrot".

John Terkas, Jr., nephew, and Marie Terkas Murphy, niece, stated to be the sole next of kin of decedent, by their counsel, Robert Levin, contend: (a) That the trust of the residue for the maintenance of testator's pets is capricious and violates the rule against perpetuities; (b) that the gift of the corpus in remainder to Mary Faiss Riesing is contingent and executory and therefore violates the rule against perpetuities and

that testator must accordingly be deemed to have died intestate with respect to the residue of his estate and, (c) that in any event, there is an intestacy with respect to so much of the income of the trust as might accrue during the lifetime of the animals which might not be required for their maintenance and interment.

In any study of the residuary clause of testator's will, the conclusion appears obvious and irrefutable that Mary Faiss Riesing has an absolute vested estate in the remainder, regardless of the validity of the prior limitation.

A vested estate has been defined as one which is subject to no condition precedent except the termination of the preceding estate or estates: Gray, The Rule Against Perpetuities (4th ed.), p. 275.

The law inclines to attribute the real and substantial ownership of property to some existing person and never to leave any part of it in abeyance: Letchworth's Appeal, 30 Pa. 175 (1858). For this reason vested estates have been traditionally favored and an interest will be construed as contingent only when it is impossible to construe it as vested: Shaw's Estate, 326 Pa. 456 (1937); Lafferty's Estate (No. 1), 311 Pa. 455 (1933); Weir's Estate, 307 Pa. 461 (1932).

Mr. Levin, in his scholarly argument, contends that the remainder gift is contingent upon the interment of the two pets in the Francisvale Cemetery. He maintains that if, for any reason, such as the escape or disappearance of these animals, this condition is not fulfilled, then in such event, the gift to Mary Faiss Riesing would fall. In other words, he maintains that the burial of the animals in the cemetery designated in the will constitutes a condition precedent to the vesting of the remainder interest. To accept this position would require us to conclude that the gift in remainder vests "if and only if" the direction in the will with respect to the burial of the animals in the Francisvale

Cemetery eventuates. In the opinion of the auditing judge this contention is not tenable.

Our courts have uniformly interpreted language which casts doubt upon the vesting of estates, such as is found in this will, as descriptive of the time of the commencement of enjoyment, and not as affecting the substantive character of, the interest. In order to give effect to this preference for vesting, the courts have even construed the word "if" to mean "when": Hyde et al. v. Rainey et al., 233 Pa. 540 (1912) ; Daugherty et al. v. Daugherty et al., 91 Pa. Superior Ct. 53 (1927) ; Shaffer v. Hummel, 15 D. & C. 502 (1930). See also Reilly v. Kerestes, 70 Pa. Superior Ct. 71 (1918) ; Culin's Appeal, 20 Pa. 243 (1853). In the opinion of the auditing judge, the absolute vesting of the gift to Mary Faiss Riesing in remainder is not dependent, or conditioned upon, the prior death and burial of testator's pets; those events merely determine the time when Mary Faiss Riesing is to come into enjoyment of her remainder estate, *which is given to her, in any event, "absolutely and in fee", without restriction or reservation as to the character of her estate and without condition or stipulation as to her qualifications as to the ultimate taker.*

The absence of any gift over beyond the gift to Mary Faiss Riesing fortifies this conclusion: Brown's Estate, 289 Pa. 101 (1927) ; Packer's Estate (No. 2), 246 Pa. 116 (1914) ; Estate of D. K. Ramey, 108 Pa. Superior Ct. 156 (1933). And the fact that an intestacy would result if the gift to Mary Faiss Riesing were held to be contingent, makes the absence of a gift over even more significant of an intention to vest: Rickenbach's Estate, 348 Pa. 121 (1943) ; McCauley's Estate, 257 Pa. 377 (1917) ; Waln's Estate, 228 Pa. 259 (1910).

Having determined that Mary Faiss Riesing's remainder interest is vested, it is not necessary for us to consider the application of the rule against perpetuities with respect thereto since it is settled beyond

question that the rule against perpetuities does not apply to vested interests: Wright's Estate, 348 Pa. 76 (1943); Bingaman's Estate, 281 Pa. 497 (1924); Hunter's Estate, 279 Pa. 349 (1924); Ewalt v. Davenhill et al., 257 Pa. 385 (1917); Johnston's Estate, 185 Pa. 179 (1898); Lawrence's Estate, 136 Pa. 354 (1890).

Mr. Levin contends, however, that the gift for the support and maintenance of testator's dog and parrot for the terms of their lives violates the rule against perpetuities on the premise that the lives of animals may not be used as the measure of the duration of a trust within the meaning of the rule, and there is some support for his contention in text books and in the decisions of other jurisdictions. See A. L. I. Restatement of Property, §374, comment (h); A. L. I. Restatement of Trusts, §124; Gray, The Rule Against Perpetuities, 4th ed. (1942), sec. 896.3; In re Kelly, [1932] I. R. 255; In re Howells' Estate, 145 Misc. 557, 260 N. Y. S. 598.

It is not necessary to concern ourselves with this question, however. If the trust for testator's pets does violate the rule against perpetuities or is invalid for any other reason, then, under the circumstances of the case, the auditing judge is of the opinion that the vested remainder of Mary Faiss Riesing is accelerated and she becomes entitled to possession and enjoyment of her remainder interest as though the antecedent limitation had terminated.

The rule with respect to acceleration of remainders is set forth in A. L. I. Restatement of Property, §236 as follows:

"When an attempted prior interest fails because it is a trust interest limited to last for a duration not permitted by applicable law, then, in the absence of a manifestation of a contrary intent,

"(a) except as stated in clause (b) the succeeding interest is accelerated in favor of the person described

in the limitation as entitled thereto ascertained in accordance with the facts existing at the time when the attempted prior interest, if valid, would have become a present interest";

To the same effect in Pennsylvania see Fletcher v. Hoblitzell, 209 Pa. 337 (1904), in which the Supreme Court said, at p. 344:

"This results from the well settled rule governing the acceleration of remainders which applies here. Examples of the application of this rule are given in 24 Am. & Eng. Ency. of Law (2d ed.), 418, as follows: 'The common instances in which a remainder is thus accelerated is where the devisee of the life estate refuses to accept it, *or where he has not capacity to take*, or where the devise of the preceding estate has been revoked by the testator or has been forfeited by some act or omission of the devisee.'" (Italics supplied.) See also Feeney's Estate, 293 Pa. 273, 285 (1928).

In the view of the case taken by the auditing judge, Mary Faiss Riesing is therefore the only person who has any interest in this trust estate. She, as trustee, holds the legal title. Her remainder interest is vested, and she is the owner, as legatee, of the two pets for whose maintenance the trust was created. The next of kin have, therefore, no standing to question the validity of the trust as they cannot, in any event, benefit therefrom.

Mary Faiss Riesing, who would take the fund outright if the trust for the testator's pets were declared invalid, argues, on the other hand, that the trust for the pets is valid and requests an award of the fund to herself in trust for the uses and purposes declared by the will of testator.

Honorary trusts, i. e., trusts lacking a definite beneficiary, although frowned upon in most jurisdictions, are recognized in Pennsylvania. See Devereux's Estate, 48 D. & C. 491, 499 (1943); Wolfe, "Honorary Trust in Pennsylvania", 42 Dickinson Law Rev. 161.

"The fundamental law in Pennsylvania in regard to property . . . is that the owner may do as he pleases with it provided the disposition be not to unlawful purposes, and what he may do himself he may do by an agent while living, or by executor after death." Dulles' Estate, 218 Pa. 162, 163 (1907). Certainly, it cannot be said that maintaining household pets by animal lovers is unlawful per se or opposed to public policy. On the contrary, the maintenance of such pets is generally regarded as laudable and humanitarian.

Since Mary Faiss Riesing, the only party who has any interest in the fund if the limitation for the maintenance of the animals is found to be invalid, argues in favor of the validity of the trust and requests that the remainder be awarded to her subject to the trust, the auditing judge is of the opinion that the award should be made to her in the manner requested, without prejudice, however, to her right to question at some future accounting the validity of the limitation for the maintenance of the pets.

*Opinion sur exceptions*

*Robert Levin,* for exceptants.

*John J. Sullivan* and *Thomas A. Galbally,* contra.

PER CURIAM, May 29, 1947.—This case deals with a subject matter which does not often come to the attention of the courts. Exceptant has argued it thoroughly and ably. We think, however, that the auditing judge has successfully dealt with these arguments. We have no doubt of the correctness of his conclusion that Mary Faiss Riesing has a vested estate and that if the provision for care of the pets of testatrix is invalid, the only result would be to accelerate her unrestricted enjoyment.

The exceptions are dismissed and the adjudication is confirmed absolutely.