## Beighlea v. Serge et al.

*Robert M. Dale* and *Samuel N. Mogilowitz*, for plaintiff.

*Nesbit & Wasson* and *Irwin & Grannis*, for defendants.

McCRACKEN, P. J., August 2, 1951.—Plaintiff instituted the above action in ejectment to recover "her undivided interest in and to the minerals, including the coal, and excepting oil and gas only, in and under the parcel of land" described in the complaint. Plaintiff also sought damages for the removal and conversion of coal from the described premises by defendants.

Defendants filed an answer admitting in large part plaintiff's allegations, but denying that plaintiff had any right, title or interest in and to the coal and other minerals in, on, or under the premises in dispute.

Defendants have moved for judgment on the pleadings. A rule to show cause has been awarded. Hence

in the present status only a question of law is involved. For the sake of clarity we find the following facts:

I. Plaintiff and defendants are citizens of and residents in the Commonwealth of Pennsylvania.

II. Title to the parcel of land in question is out of the Commonwealth; is situate in Clinton Township, this county, and is bounded and described as follows:

"Bounded on the north by land of S. Simcox and William Davis, deceased; on the east by lands of Ruben Sutton and the heirs of Richard Kennerdell; on the south by the McCalmont Farm and on the west by land of John Hovis and S. Simcox. Containing two hundred ninety-six acres more or less."

III. On May 24, 1884, title to the premises in litigation was vested in George Berringer and Margaret Berringer, his wife, and they are the common source of title.

George Berringer and Margaret Berringer, his wife, by deed dated May 24, 1884, and recorded in D. B. 142, page 195, conveyed the premises here involved to G. W. Berringer and David Berringer, and by deed dated July 5, 1884, and recorded in D. B. 142, page 196, David Berringer and Sarah, his wife, conveyed their interest in the land to G. W. Berringer, who was the father of plaintiff.

IV. G. W. Berringer died October 31, 1899, and by his last will and testament dated May 26, 1899, in W. D. 9, page 373, provided as follows:

"First, I devise and bequeath the surface or farming right of the homestead farm on which I now live, to my son Grover Cleveland Berringer, being the same conveyed to me by my father and mother by Deed Recorded in Deed Book 142, page 195, and containing two hundred ninety six acres more or less; he to have possession of the same when he arrives at the age of twenty-one years, the same to be valued at the sum of $4000.00 in the distribution of my estate."

V. In the third paragraph of his will G. W. Berringer provided:

"Third, I authorize and direct the persons hereinafter appointed by me as executors of my Will to take charge of the Oil interests or right of the two farms mentioned in items First and Second and to continue the production of Oil therefrom as long as they may deem it profitable for my estate, and in so doing to drill as many new Wells thereon as may to them seem best, to sell the oil each month, and divide the proceeds thereof after deducting expenses, equally among all my children share and share alike, said distribution to be made every three months. My executors are not to use any money in drilling or continuing the production of Oil except the moneys received from the Oil Wells or Oil business on said farms after my decease."

VI. At equity docket, August term, 1927, no. 1, Imelda Mae Beighlea (present plaintiff) and her husband, Sherman M. Beighlea, together with others, filed a bill of complaint alleging, inter alia: "That your orators and defendants together and individually and as tenants in common do hold the fee of the oil and gas rights of all the oil and gas underlying the following described lands situate in Clinton Township, Venango County, Penna.," and describing the same land involved herein.

VII. In the thirteenth paragraph of the bill in equity plaintiff, together with her coplaintiffs, alleges:

"That there are no other persons interested in said oil and gas or the fee thereof underlying the said above described lands, and that the said oil and gas and the oil wells and equipment used in connection therewith thus held by the parties hereto as tenants in common and individually are all of the interests in real estate owned by your Orators and the defendants as tenants in common, and that they, your Orators, are of right and equity entitled to partition thereof."

## Discussion

From the facts stated it is at once apparent that the solution of the controversy arises soley from the interpretation given the provisions of the will of G. W. Berringer herein recited. What interest in the real estate giving rise to this litigation did Grover Cleveland Berringer take under and by virtue of the devise of G. W. Berringer? What meaning is to be given to the term "the surface and farming right of the homestead farm on which I now live"?

Plaintiff contends that as to all interests in the land except the oil and gas and "the surface and farming right" G. W. Berringer died intestate. Plaintiff would confine the term "surface and farming right" to the surface only and would exclude from the operation of the phrase every other interest in the land except the oil and gas. We cannot agree with this narrow and confined construction.

The exact question presented, so far as our research can disclose and also that of counsel for defendants, is of first impression in this Commonwealth.

A parallel situation arose in Ramage v. South Penn Oil Co., 94 W. Va. 81, 118 S. E. 162. A tract of land consisting of 117 acres was purchased by the predecessor in title of defendant for the production of oil and gas. Later operations for coal in the vicinity of the land developed. Grantor of plaintiff sold the surface to 110 acres of the parcel to defendant. Plaintiff claimed the coal under its deed while defendant contended he owned the coal by reason of the conveyance of the surface to him.

In a lengthy and well-reasoned opinion, including the citation of authorities, the court sustained plaintiff's contention. We quote from the opinion just cited, p. 100:

"And so in this case; we hold that the express exception of the oil and gas excludes all other exceptions. We are not unaware of the contention made that the coal did not pass by the term 'surface' as used in the Lemley deed; but because it was not excepted or reserved, and the oil and gas were, we think all minerals passed but those expressly retained; hence the Lemleys got the coal."

In Hyde et al. v. Rainey et al., 233 Pa. 540, the Supreme Court had for construction two apparently conflicting provisions in a will. In one item testatrix bequeathed and devised "all that tract of land". In another item she provided, "It is my will that if during the period of my natural life if the farm on which I reside shall be leased for the purpose of mining for coal, gas or oil that the proceeds of the lease shall be divided between my four children, . . . share and share alike." (Portion was struck out by testatrix.)

By another provision of the will testatrix devised the same tract of land to her son, Herman H. Rainey, for life with remainder to his children.

Plaintiffs instituted an action to determine the right and title to the coal, oil and gas under a described tract of land. The lower court found for plaintiffs. This opinion was cited by counsel for defendants and accepted by us as showing that surface as interpreted by the Supreme Court includes all the minerals underlying the land unless excepted therefrom.

To the same effect is Hendler v. Lehigh Valley R. Co., 209 Pa. 256, wherein in discussing the question here presented the Supreme Court speaks as follows:

"It is not a fair construction of this grant to limit it to such mere superficies of the land as may be required for agricultural purposes even including in such use the building of houses and barns, digging of wells, etc. The words used, especially those descriptive of the hereditaments and appurtenances, including

'all the estate, right, title, interest, property,' etc., of the grantor, are too broad to make such construction reasonable. The fairly apparent intent was to convey to the grantee the entire fee in the land, to use for all purposes except mining or taking the excepted minerals or interfering with the grantor's reserved right to do so."

Again it is apparent from a consideration of the will in its entirety that G. W. Berringer intended to dispose of his entire estate. The law always favors a construction of a will that will avoid intestacy. It is evident that in testator's mind his estate in the land consisted of two parts, viz, the oil and gas which had been leased, and the "surface or farming right" which was devised to his son, Grover Cleveland Berringer. By these provisions G. W. Berringer intended to divest himself of the complete title to the land. Since by express provision he excluded the oil and gas right to his children they were not to take any title or interest in or to the other estate, namely, the surface and the remaining underlying minerals including the coal.

Plaintiff's contention cannot prevail from a factual standpoint. At Equity Dkt., August term, 1927, no. 1, plaintiff and others brought an action against present defendants, with the exception of Mike Serge, for partition of the oil and gas right in and underlying the premises here in dispute. In the bill of complaint plaintiff and her colitigants averred "that the oil and gas and the oil wells and equipment used in connection therewith are all of the interests in said real estate owned by plaintiffs and defendants as tenants in common." This allegation by plaintiff in direct contradiction and denial of her present contention precludes her from now asserting a larger interest in the real estate described in the bill of complaint and especially so since to permit her to do so would cause loss to those who relied upon her declaration. Courts will not per-

mit one interested in an estate to shift from one construction of a will to another when there is no evidence of fraud, accident or mistake. Courts will adopt the construction placed upon the instrument by the interested parties.

### Conclusion of Law

Grover Cleveland Berringer by the terms of the will of G. W. Berringer was vested with a fee in the premises described in plaintiff's complaint, including all minerals in and under the same, excepting the oil and gas.

### Order

And now, August 2, 1951, the rule heretofore awarded is made absolute and judgment is entered for defendants for all minerals in and under the premises herein described except the oil and gas. Plaintiff is directed to pay the costs.