# Carrow v. Headley.   Fitzgerald's Appeal.

*Merger—Mortgage—Equity.*

Equitable merger is largely a question of intention, and where there is no intention, actual or presumed, of the person in whom a charge upon land and the title to the land are both vested, that there shall be a merger, equity will not hold the charge as extinguished.

An owner of land made a mortgage thereon for two thousand dollars, the interest payable to another for life, and the principal payable after the death of the life-tenant to the owner himself, and two other persons.  Before the death of the life-tenant the owner conveyed the premises under and subject to the mortgage, describing it as a mortgage for two thousand dollars.  By a series of conveyances, all expressly subject to the mortgage for the full amount, the title devolved on the terre tenant.  *Held,* that there was no merger of the mortgage in the original mortgagor and that the terre tenant was liable for the principal.

Argued Jan. 16, 1893.  Appeal No. 65, July T., 1893, by terre tenant, Horatio N. Fitzgerald, from judgment of C. P. No. 3, Phila. Co., March T., 1885, No. 258, on verdict for plaintiffs, John S. Carrow et al.  Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Scire facias sur mortgage.

At the trial, before FINLETTER, P. J., it appeared that on March 6, 1886, Charles B. Headley, being the owner of land, made a mortgage thereon for $2,000, the interest payable to Rosa M. Headley during her life, and the principal payable after her decease to Charles B. Headley, Rachel Headley, and Anna S. Stackhouse.  During Rosa M. Headley's lifetime Charles B. Headley conveyed the premises under and subject to the mortgage, describing it as a mortgage for $2,000.  By a series of conveyances, all expressly subject to this mortgage for the full amount, the title devolved on the present terre tenant, who claimed that there was a merger of the mortgage.

Binding instruction was given for plaintiffs.

Verdict and judgment for plaintiffs for the full amount of the claim, including the attorney fee.  The terre tenant appealed.

*Error assigned* was above instruction, quoting it.

*Theodore F. Jenkins*, for appellant, cited: Pollock on Contracts, 3; Eagle Ben. Society's Ap., 75 Pa. 226; Wilson v. Schoenberger Ex'rs, 31 Pa. 295; Stecker v. Shimer, 5 Whart. 452; Reigle v. Seiger, 2 P. & W. 340; Edwards v. Hoopes, 2 Whart. 420; Duey v. Clemens, 1 Pa. 118; Steckel v. Koons, 102 Pa. 493; Fluck v. Heger, 51 Pa. 459; Savings Bank v. Burns, 87 Pa. 491; Brownback v. Ozias, 117 Pa. 87; Wright v. Knepper, 1 Pa. 361; Lindley v. Ross, 137 Pa. 629.

*John G. Johnson*, *Frank P. Prichard* with him, for appellee, cited: Kline v. Bowman, 19 Pa. 24; Shelly v. Shelly, 8 W. & S. 153; Dech v. Gluck, 47 Pa. 403; Moore v. Harrisburg Bank, 8 Watts, 138; Bryar's Ap., 111 Pa. 81; Updegrove v. Updegrove, 1 Pa. 136; Stecker v. Shimer, 5 Whart. 452; Pennock v. Eagles, 102 Pa. 290; Reigle v. Seiger, 2 P. & W. 340; Danhouse's Est., 130 Pa. 256.

PER CURIAM, January 30, 1893:

The only specification is that the court erred in instructing the jury to find a verdict for the plaintiffs for the full amount of their claim, including the attorney fee.

We find no error in this instruction. Equitable merger is largely of intent, actual or presumed, and when no intent is proven or apparent, this principle may not be deemed to attach in any given case, just as merger is or is not to the interest of the owner of the several and independent rights: Richards v. Ayres, 1 W. & S. 485. The doctrine of merger is well stated by Sir William Grant in Forbes v. Moffatt, 18 Vesey, Jr., 390, as follows: "It is very clear that a person becoming entitled to an estate subject to a charge for his own benefit may, if he chooses, at once take the estate and keep up the charge. Upon this subject a court of equity is not guided by the rules of law. It will sometimes hold a charge extinguished when it would subsist at law, and sometimes preserve it when at law it would be merged. The question is upon the intention, actual or presumed, of the person in whom the interests are united. In most instances it is, with reference to the party himself, of no sort of use to have a charge on his own estate, and when that is the case it will be held to sink unless something shall have been done by him to keep it on foot."

There is nothing to show that the plaintiffs intended a merger. On the other hand, the terre tenant, who is the appellant here, took the property expressly subject to the entire mortgage of two thousand dollars. He must be presumed to have retained that much of the purchase money in his hands to meet the mortgage.

Judgment affirmed.