## Van Ormer's Estate.

*Merger—Equitable merger, a question of intent.*

At law, a man cannot be his own creditor or debtor ; hence, when he acquires an estate subject to a charge in his own favor, the charge will, in law, merge in the estate. But in equity he may keep it in force, and it will be preserved or extinguished in accordance with the equities involved.

*Partition—Dower—Principal and surety—Bond—Merger.*

Where one of the parties in interest in partition proceedings purchases the land and gives a bond with surety to pay the owelties and a dower interest after the death of the widow to the heirs of the decedent, of which she is one, and the purchaser proves insolvent, so that the surety is compelled to pay a portion of the owelties, and there is nothing to show an intent that the purchaser's interest in the dower fund should merge, but the papers indicate a contrary interest, no merger will be allowed against the interest of the surety who had purchased the land.

Argued March 15, 1904. Appeal, No. 1, March T., 1904, by Mary H. Hostetter et al., from decree of O. C. Juniata Co., directing payment of a fund in court in the matter of the estate of John R. Van Ormer and Susan Hamilton. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Petition for an order to pay a fund in court to F. M. M. Pennel, administrator of John R. Van Ormer.

SHULL, P. J., stated the facts to be as follows :

The petition and answer in this case discloses the following facts : Samuel Hamilton died, seized in fee of a tract of land situate in Walker township, Juniata county, Pennsylvania, containing 120 acres, leaving to survive him a widow and five children, viz : Frances, Susan, Margaret, John and Mary. Proceedings in partition were had under which said land on February 1, 1869, was awarded by the orphans' court to Susan

Hamilton, who on same day entered into recognizance with David Smith as surety in the sum of $22,000, conditioned to pay the owelty and "pay to Sarah Hamilton, widow of said decedent the interest or $3,690.66" and at her death shall pay the principal thereof to the heirs of said deceased.

Susan Hamilton died, leaving no husband or issue seized in fee of said land, and on April 28, 1869, letters of administration on her estate were granted by the register to Hon. Jeremiah Lyons to whom an order of sale to sell said real estate was by the court awarded to pay the debts of said decedent, in which decree is contained. "The sum of $3,690.66 to remain in the property as dower, the interest whereof to be paid Susan Hamilton," and at her death the principal to be paid to the heirs of Samuel Hamilton, deceased.

David Smith, the aforenamed surety, became the purchaser of said land, sale thereof being confirmed to him on September 11, 1869, at the price of $9,200, under terms of the order.

The estate of Susan Hamilton was insolvent and David Smith, the surety upon the recognizance, was compelled to pay on the owelty deficiency the sum of $1,100, the date of which payment does not appear, but presumably about 1870 or 1871.

On May 6, 1870, David Smith sold and conveyed the same premises to John R. Van Ormer by deed duly recorded, which said deed contains, inter alia, "subject, however, to a recognizance for the sum of $3,690.66, in favor of Sarah Hamilton dated February 1, 1869, and entered in orphans' court docket E, 586, in register's office of Mifflintown."

John R. Van Ormer died March 20, 1890, intestate, seized of said land, partition was had thereon, there being no acceptance by heirs the said real estate was sold under order of the orphans' court to Isaac Witmer "subject to a dower principal and interest in favor of Sarah Hamilton, widow and parties legally entitled thereto, as set forth in recognizance in orphans' court, etc., said principal being $3,690.66," which sale was confirmed. The purchaser entered recognizance which provided that "the said Isaac Witmer shall pay the amount of said dower recognizance (recorded in orphans' court docket E, 586), to wit: the sum of $3,690.66 to the parties found to be legally entitled hereto at and immediately after the death of Sarah Hamilton, now Sarah Wetzler. Said widow Sarah Wetzler

died March 19, 1902, when shortly thereafter Isaac Witmer paid out the four fifths of said sum of $3,690.66 to the four surviving heirs of Samuel Hamilton, deceased, and under permission the remaining one fifth, to wit: the sum of $738.13, was paid into court pending the determination of the right to said sum by the parties claiming it.

David Smith, surety on the recognizance of Susan Hamilton, and purchaser of the real estate, died testate, and in his will it is contained inter alia: "I will and bequeath to John R. Van Ormer my interest which I hold against Susan Hamilton, that is to say, her interest in the dower. And Mary, his wife, to be charged with that amount."

The heirs of John R. Van Ormer, who was legatee of David Smith, now claims this fund or sum of $738.13, because David Smith as surety on the recognizance of Susan Hamilton was required to pay on said recognizance to the other heirs of Samuel Hamilton, deceased, more than the amount of this fund and that such payment was an extinguishment of any right that the heirs of Susan Hamilton could hold through her and that there was nothing due her at the death of her mother, because David Smith, by payments as surety, was by operation of law substituted to any rights which Susan Hamilton or her heirs would have therein.

The heirs of Susan Hamilton, to wit: her brother John and sisters, Frances, Margaret and Mary, contend that they are the sole heirs of Susan Hamilton, that when the decree in partition placing title to land in Susan Hamilton was made, her interest or share in the dower fund merged in the title, and that when the property was sold by her administrator subject to the sum of $3,696.66, "the principal at which at death of Samuel Hamilton's widow was to be paid to the heirs of Samuel Hamilton, deceased," there were only the four heirs last above named, who are now claiming this fund and that therefore these parties are thereto entitled.

The court directed the fund to be paid in accordance with the prayer of the petition.

*Error assigned* was the decree of the court.

*J. Howard Neely*, for appellant.—The right of an accepting

heir in partition to participate in the dower charge merges in his title to the land: Baldwin v. Siner, 16 Pa. Superior Ct. 8; Hollenberger v. Yaukey, 145 Pa. 179; Reigle v. Seiger, 2 P. & W. 340; Shelly v. Shelly, 8 W. & S. 153; Erb v. Huston, 18 Pa. 369; Dull's Est., 137 Pa. 116.

An enlargement of the charge by contract would make the purchaser liable by the express terms of the contract for the increase to those entitled. It would be a charge imposed on the title: Updegrove v. Updegrove, 1 Pa. 136; Shelly v. Shelly, 8 W. & S. 153; Kline v. Bowman, 19 Pa. 24; Hollenberger v. Yaukey, 145 Pa. 179.

If a surety pays the debt, he must resort to his remedy for reimbursement within six years from that time: Montgomery v. Cunningham, 104 Pa. 349; Fink v. Mahaffy, 8 Watts, 384; Bank of Penna. v. Potius, 10 Watts, 148; Wagner v. Elliott, 95 Pa. 487; McGinnis's App., 16 Pa. 445; Erb's App., 2 P. & W. sec. 296; Ziegler v. Long, 2 Watts, 205.

*F. M. M. Pennell*, of *Atkinson & Pennell*, for appellee.—The rule of law which, in the absence of appropriation by the parties, appropriates payments in the way most advantageous to the creditor, will not be applied to the prejudice of a surety: Weightman's Appeal, 10 W. N. C. 155.

Without a special agreement to the contrary, an heir who has taken land in partition and conveyed it away, has no lien or right on account of the third reserved for the widow: Williams v. White, 35 Pa. 514, 516.

OPINION BY SMITH, J., May 19, 1904:

At law, a man cannot be his own creditor or debtor; hence, when he acquires an estate subject to a charge in his own favor, the charge will, in law, merge in the estate. But in equity he may keep it in force, and it will be preserved or extinguished in accordance with the equities involved: Pennock v. Eagles, 102 Pa. 290.

In the present case the vesting of the estate in Susan Hamilton, the creation of the charge thereon, and the engagement of David Smith as surety for the payment of that charge were simultaneous. In consequence of the insolvency of Susan Hamilton, her share of the purchase money payable in one

year was practically sunk, and the surety was obliged also to pay $1,110 to make good the shares of the other heirs. Had her interest alone been involved in the proceedings, her share of the deferred payment would have merged, in the absence of any act or agreement of the parties manifesting a different intent. Nothing of this kind appears. On the contrary, everything bearing on the point indicates a purpose to keep alive her interests in the deferred payment. The recognizance of Susan Hamilton and David Smith, while requiring payment to the other four heirs of Samuel Hamilton, by name, of their shares of the money payable in one year, provided for payment " to the heirs of the decedent," upon the death of his widow, of $3,690.66 (one third of the purchase price), one fifth of which represented the interest of Susan Hamilton. The same provision was continued through the subsequent changes of title, in the hands of the last purchaser, payable " to the heirs of the decedent."

The contention of the appellants that the interest of Susan Hamilton in the deferred payment merged in the fee, if tenable, really proves too much. If it merged, the merger took effect against them as well as against her and those claiming under her, and left nothing for them to claim. The only basis for this demand is that there was no merger. They cannot claim the money in controversy as heirs of Samuel Hamilton, for without it they have received their full shares of his estate, and if there has been no merger it belongs to Susan Hamilton's estate. Nor, upon their own contention, can they claim as next of kin to Susan Hamilton, for they assert a merger that extinguished her interest in it. And any claim they may have as next of kin is subject to the paramount right of the surety to subrogation. Since the money is now in the hands of the appellee, there has clearly been no merger in fact. As this result has been reached and the surety has the primary claim on the fund, Susan Hamilton's interest in the deferred payment, as an heir of Samuel Hamilton, must be regarded as having, in equity, been preserved for his benefit. Hence the money must be awarded to his legatee. Though the surety's right originated in his engagement, right of action on it did not accrue until the death of Samuel Hamilton's widow, when the money became payable. It was debitum

in praesenti, solvendum in futuro.    Therefore the claim is not barred by the statute of limitations.

Decree affirmed.

HENDERSON, J., dissents.