## Miller for use, Appellant, v. Griffith.

*Dower—Assignment of dower interest to owner in fee—Merger —Intention—Mortgage—Assignment—Interest.*

1. Merger is a question of intent, and will not take place against the wishes of the party affected by it.

2. Where land has been subjected to a recognizance to secure a dower interest, and an interest-bearing mortgage has been given in the amount of the recognizance to secure the payment of the annual installments of the dower interest and the payment of the principal on the death of the widow, the dower will not be deemed to have merged in the fee, by the acquisition of the dower by the owner of the land, where it appears that such owner subsequently sold the land subject to the mortgage, and there is nothing to show that he intended a merger. In such case, the representatives of the deceased owner may recover, in a suit on the mortgage, the unpaid interest installments.

3. In such case, the conveyance subject to the mortgage carried with it interest on the mortgage, where there was nothing to indicate that principal only and not interest also was intended.

Argued October 1, 1920. Appeal, No. 89, Oct. T., 1920, by plaintiffs, from order of C. P. Westmoreland Co., May T., 1918, No. 39, discharging rule for judgment for plaintiffs n. o. v. verdict for defendant, in case of Sarah M. B. Miller, for use of Mary E. Brinker, for use of Ida M. Griffith, and for use of M. W. Crownover and A. W. Crownover, Administrators of estate of J. C. Crownover, deceased, v. M. E. Griffith and Ida May Griffith, with notice to Jacob L. McKeever, terre-tenant. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Reversed.

Scire facias sur mortgage. Before COPELAND, P. J.

The opinion of the Supreme Court states the facts.

At the trial there was a verdict for defendant by direction of the court. Subsequently the court discharged plaintiffs' rule for judgment n. o. v. Plaintiffs appealed.

*Error assigned* was, inter alia, (3) above order, quoting it.

*John E. Kunkle,* for appellant: Fenton v. Fenton, 208 Pa. 358, is almost on all fours with this case.

By the action of the parties the mortgage was substituted for the dower and recognized as such by Mr. Crownover in making his conveyance and it was recognized by McKeever when he purchased, and the land that McKeever purchased subject to the mortgage can only be released and discharged from the mortgage by payment which this proceeding is to enforce.

The mortgage remained a lien on the property for the benefit of Mary E. Brinker and her assignee: Blood v. Crew Levick Co., 177 Pa. 606; Id., 171 Pa. 328; Old Colony Trust Co. v. Transit Co., 192 Pa. 596; Saint v. Cornwall, 207 Pa. 270; Spencer v. Spencer, 253 Pa. 315; Kelly v. R. R., 200 Pa. 229; Beedy v. R. R., 250 Pa. 51; Conley's Est., 197 Pa. 291; McClaughry v. McClaughry, 121 Pa. 477; Beaver Trust Co. v. Morgan, 259 Pa. 567.

*George W. Flowers,* for appellee.—Crownover having conveyed without express reservation of the dower or of the mortgage interest, as between him and a third party, the conveyance carried a fee, clear of such interest, and he cannot now set up against it any contrary intention of the parties not so expressed in his deed: Kreamer v. Fleming, 191 Pa. 534; Duey v. Clemens, 1 Pa. 118; Seiple v. Seiple, 133 Pa. 460.

OPINION BY MR. JUSTICE FRAZER, December 31, 1920:

Josiah Brinker died in 1889, leaving a will in which he devised to his daughter, Sarah Miller, his home-

stead farm, situated in Penn Township, Westmoreland
County, and containing 123 acres, 95 perches. Dece-
dent's wife, Mary Brinker, having elected to take
against the will, the court, in decreeing to the daughter
the farm which was designated as "Purpart B" in par-
tition proceedings of decedent's estate, fixed the dower
interest in the land at $197.74 annually, to secure the
payment of which Mrs. Miller filed a recognizance in
the sum of $3,295.84. The latter subsequently conveyed
the land to M. E. Griffith, one of the defendants, taking
in part payment a mortgage dated May 1, 1891, and
recorded in Mortgage Book 45, page 315, conditioned
for the payment of interest on $3,295.84 to Mary Brinker
during her life and at her death the principal sum to
the grantee, Sarah Miller. The farm was later conveyed
by Griffith to J. C. Crownover by a deed which omitted
express reference to the mortgage, stating, however,
that the land was the same as that mentioned as "pur-
part B" in partition proceedings in the estate of Josiah
Brinker in which proceedings the dower charge was
fixed. A week after the Griffith conveyance, Crownover
also received an assignment of the widow's dower in-
terest, thereby vesting in him both the life interest and
remainder. Subsequently he conveyed the land to the
Manorfield Stock Farm Company "subject to the lien
or encumbrance of a certain mortgage......conditioned
for the payment of the interest on the sum of three thou-
sand two hundred and ninety-five and 84 one hundredths
($3,295.84) Dollars annually to Mary E. Brinker,......
during her natural life and at her death to pay the said
principal sum,......to the said Sarah M. B. Miller,
which said mortgage is included in the consideration
money." Afterwards Crownover again became the pur-
chaser of the land, subject to two mortgages, the first
being the one above referred to; later he again conveyed
the property to the Manorfield Stock Farm Company,
subject to the same two mortgages. By virtue of a sher-
iff's deed made under a sale on a judgment obtained on

the second mortgage, and subsequent conveyance by the purchaser at the sheriff's sale, the property became vested in McKeever, terre-tenant defendant, the latter deed being "made subject to a certain mortgage upon said premises in favor of Mary E. Brinker, widow of Josiah Brinker and Sarah M. B. Miller recorded in the Recorder's office of Westmoreland County in Mortgage Book, vol. 45, page 315." The administrators of Crownover issued a scire facias on the mortgage given to Sarah Miller to recover, by virtue of the assignment, from Mary Brinker unpaid interest installments on the mortgage.

The defense was the dower had merged in the fee and that no further payments were due on the mortgage until the principal became payable at the death of the widow, which occurred in 1913. The court below adopted this view of the case and entered judgment for defendant. Plaintiffs appealed.

Previous to the present proceedings, an action of assumpsit had been brought to recover unpaid dower interest and this court held (Griffith v. McKeever, 259 Pa. 605), affirming an opinion by the court below, that such action could not be sustained for the reason the dower estate and remainder had merged. It was suggested, however, that since the property was subsequently conveyed subject to a mortgage securing the same amount to the same persons, the evident intention was that the mortgage should be substituted for the recognizance given to secure the dower. Merger is a question of intent and will not take place against the wishes of the party affected by it: Danhouse's Est., 130 Pa. 256, 260; the conveyance of the land by Crownover, however, without express reservation of the dower, would have passed the entire estate held by the grantor: Kreamer v. Fleming, 191 Pa. 534. Although there is nothing to indicate an intent that the dower estate should merge, it is quite clear that the interest-bearing mortgage was substituted for that interest in the estate (Fenton v. Fenton, 208 Pa. 358), and that subsequent conveyances were made

with reference to that encumbrance.   The mortgage was an interest-bearing obligation and the references to it were not limited to the payment of the principal on the death of the widow (the validity of which claim is not disputed) but were in general terms and must be held to include all incidents of the encumbrance, one of which was that it bore interest payable during the lifetime of the widow and, being a matter of record, was, consequently, notice to subsequent purchasers of the land. It was also referred to in all subsequent conveyances except one, that of Griffith and wife to Crownover, in which the consideration recited was one dollar.   Both conveyances by Crownover expressly recited they were subject to the mortgage in question.   There being nothing to indicate that principal only and not interest also was intended, the purchaser assumed liability for both.

The third assignment of error is sustained, the judgment of the lower court is reversed and judgment is entered for plaintiff non obstante veredicto.