## Pratt, Appellant, *v.* Pratt.

*Accord and satisfaction—Settlement of prior disputes—Substantial doubt—evidence—sufficiency.*

In an action to recover the balance due under a settlement, the case is for the jury and a verdict for the plaintiff will be sustained, where the issue is one of fact as to whether or not the final agreement to pay a certain sum constituted an accord and satisfaction.

An accord and satisfaction can never be implied from language of doubtful meaning. When a substantial doubt arises there can be no such implication, the usual rule applies, and the payment will be treated as on account only.

An accord and satisfaction cannot arise by reason of the payment of less than the amount due, unless it clearly appears not only that this was the intention of the payor, but also that the payee expressly agreed to it, or was bound to know of the intention at the time of acceptance.

Argued November 8, 1926. Appeal No. 7, October T., 1926, by plaintiff from judgment of C. P. Berks County, January T., 1924, J. D. No. 80, and January T., 1925, A. D. No. 35, in the case of Ella M. Pratt v. Charles L. Pratt. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Rule to open judgment. Before HENRY, P. J., 52nd Judicial District, Specially Presiding, SCHAEFFER, P. J. and RICHARDSON, J.

The facts are stated in the opinion of the Superior Court.

On issue framed, as quoted in the opinion of the Superior Court, a jury rendered a verdict in favor of the defendant. Plaintiff appealed.

*Error assigned* was the refusal of plaintiff's motion for judgment non obstante veredicto.

*P. Herbert Reigner* for appellant.

*Wm. Abbott Witmer, Jr.,* for appellee.

OPINION BY LINN, J., March 3, 1927:

Refusal of plaintiff's motion for judgment n. o. v. is the only error she assigns. There is evidence to sustain the verdict; as there are radical contradictions in the testimony offered to support the respective views of the parties, the case was for the jury, and the verdict binds us.

Plaintiff and defendant were divorced from each other. She got his promissory note for $5500, with a warrant to confess judgment. He had several claims against her. Negotiations concerning the collection of her claim against him and for the consideration of his claims against her followed during which both were represented by their respective attorneys, whose authority is not questioned. The verdict determines that she agreed to accept $4,000 in full of the obligation represented by the note, and that he released her from liability on the claims he had against her which were included in the negotiations. The $4,000 was not to be paid presently, but out of the proceeds to be realized in a manner stated in the negotiations. After $3200 had been so paid, the plaintiff attempted to rescind. She declined to receive the $800 balance due and tendered; but she neither paid back nor offered to repay the $3200 she had received. A month or so later, she entered up the judgment note against defendant.

He filed a petition to have the judgment opened with leave to defend; after hearing, the court ordered the judgment to be opened except as to the balance of $800 admitted to be due, and ordered a trial as to the rest of the claim. It is from the result of that trial ending in the verdict for him, that this appeal comes. The parties agreed that the jury should be asked specifically this question. ''Does the defendant owe the plaintiff anything in excess of $800?'' The jury answered, no.

It is significant that the attorney who represented the plaintiff in the negotiations which led to the settlement in question, testified that the facts were in accordance with the contention of the defendant. Plaintiff herself does not really contradict that evidence. She testified that her attorney told her he had communicated with the other side, accepting the offer of compromise by which she was to receive $4,000 in the manner stated and to be released by defendant of his claims on her. She also testified that from time to time she received the money from her attorney by ''his own personal check,'' and that she never saw the defendant or defendant's attorney until the last payment of $800 was tendered, and then she declined to receive it because it had not been paid promptly.

The contention of her present counsel on this appeal, is that it does not clearly appear in the evidence that defendant's obligation to pay the $5,500 note was satisfied by the new contract to receive in full a less amount, to be obtained as stated in the evidence, and to be released from the various claims which defendant had against her. If the evidence of the negotiations and the contract resulting from them, left the matter in doubt, the contention would be sound. But we think the jury was justified in finding that it clearly appears by what was said and done by their lawyers and by the plaintiff herself, and by both in their sub-

sequent performance of the contract, that it was the intention of both that from that time on, $4,000 was to be paid by the defendant and that the plaintiff stood released of the claim defendant was making against her. The case is within the rule thus stated in Lovekin v. Fairbanks, 282 Pa. 100, 103: "...... we have held steadily to the position that an accord and satisfaction cannot arise by reason of the payment of less than is due, unless it clearly appears not only that this was the intention of the payor, but also that the payee expressly agreed to it, or was bound to know of the intention at the time of acceptance; in effect, that 'his taking of the check would be tortious except on the assumption of a taking in full satisfaction': 3 Williston on Contracts 3181. It cannot be too strongly stated, that with us an accord and satisfaction can never be implied from language of doubtful meaning; indeed, the words themselves deny this possibility. Hence, when a substantial doubt arises, there can be no such implication, the usual rule applies, and the payment will be treated as on account only." In this case there is no substantial doubt.

Judgment affirmed.