Hurst, Administrator, *v.* Spotts, Appellant.

Argued September 25, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Frank S. Groff,* with him *F. Lyman Windolph,* for appellant.—The effect of the agreement of December 17, 1903, was not to convert into a lien any part of the interest of Katie D. Hurst in the land which she inherited from her father, Daniel Diller; its effect was merely to determine the amount of money on which the widow was to receive interest during her lifetime, and, after its execution, as before, Katie D. Hurst had a fee simple title to said land, subject only to her mother's dower: Bishop's App., 7 W. & S. 251; Steel's App., 86 Pa. 222; Calhoun v. Hays, 8 W. & S. 127; Merkline v. Trapnell, 34 Pa. 42; Williams v. White, 35 Pa. 514.

If, however, it be held that, on the execution of the agreement of December 17, 1903, Katie D. Hurst had a lien on the land which she inherited from her father, this lien became merged in the fee and remained so merged up to the time of her death: Hollenberger v. Yaukey, 145 Pa. 179; Duey v. Clemens, 1 Pa. 118; Baldwin v. Siner, 16 Pa. Superior Ct. 8; Kreamer v. Fleming, 191 Pa. 534.

*Geo. F. Baer Appel,* of *Appel & Appel,* for appellee.—Since appellant treated the principal amount of the charge as part of the consideration when he purchased the farm, and deducted it from the amount of the purchase money, making it payable upon the event which has now happened, he cannot now claim, with any show of justice, that he is not liable for its payment: Allum v. Horn, 30 Pa. C. C. R. 194; Dull v. Slater, 31 Pa. Superior Ct. 488; De Haven v. Bartholomew, 57 Pa. 126.

The agreement created a lien: Williams v. White, 35 Pa. 514; Fenton v. Fenton, 208 Pa. 358; Dull v. Slater,

31 Pa. Superior Ct. 488; Kurtz's App., 26 Pa. 465; Dexter's App., 81 Pa. 403.

If the original agreement created a lien and there was no merger in Katie D. Hurst, then the lien continued after her death; and appellee has a right to maintain this action, although Katie D. Hurst, was not the grantor in the deed to George M. Spotts: Kirker v. Wylie, 207 Pa. 511; De Haven v. Bartholomew, 57 Pa. 126; Am. Water Works v. L. & T. Co., 73 Fed. 961; Shope v. Rodenhaver, 90 Pa. Superior Ct. 353.

OPINION BY MR. JUSTICE WALLING, November 26, 1928:

This action of assumpsit was brought to recover the principal sum stated in a certain charge upon real estate. Daniel Diller, of Lancaster County, died intestate on November 21, 1896, leaving as his only child a daughter, Mrs. Katie D. Hurst and a widow, Mrs. Hettie A. Diller. He died seized, inter alia, of a certain one-hundred-and-eight-acre farm located in said county, which the daughter inherited, subject to the widow's dower. To adjust the latter, the parties (the daughter's husband joining therein), on December 17, 1903, entered into a written agreement, duly executed and recorded, whereby twenty-five hundred dollars, agreed upon as one-third of the value of the farm, was charged thereon. The interest upon the same at five per cent to be paid annually to the widow during her life in full of her dower and at her death the principal sum to be paid to the heirs of Daniel Diller and those entitled to receive the same. On December 24, 1904, the daughter died, childless, and her husband became administrator of her estate.

Mr. Hurst, having conveyed his life interest to the heirs of his deceased wife, they, on March 7, 1918, executed and delivered to Isaac D. Eby, a deed for the farm in question, subject to and charged with the principal sum of $2,500, the interest thereon to be paid the widow at five per cent per annum and at her death the $2,500 to be paid to the heirs of Daniel Diller, etc., according

to the agreement of December 17, 1903. On July 12, 1918, Isaac D. Eby and wife executed and delivered to the defendant, George M. Spotts, a warranty deed for the farm, reciting therein the "consideration of twenty-five hundred dollars ($2,500.00) hereinafter charged and the further sum of six thousand and seven hundred and twelve and 40/100 ($6,712.40) dollars in hand paid." In a later provision this deed says, "subject to and charged with the principal sum of twenty-five hundred ($2,500.00) dollars, the interest on said sum of twenty-five hundred dollars to be paid to Hettie A. Diller at five per cent per annum yearly during her lifetime on the first day of April of each year, and the said payment of interest shall cease at the death of said Hettie A. Diller, and the principal sum of twenty-five hundred dollars shall be paid to the heirs of Daniel Diller and those entitled to receive the same, according to the agreement of said Hettie A. Diller and Katie D. Hurst and husband dated December 17, 1903."

The annual interest was paid to the widow, Hettie A. Diller, until her death on March 15, 1926, and this suit was brought by the daughter's administrator to recover the $2,500 so charged upon the land. She, being the only child, came within the terms of the contract of December 17, 1903, as "the heirs of Daniel Diller and those entitled to receive the same." The defense set up in the affidavit and supplemental affidavit of defense is that, as the daughter was sole owner of the farm, the $2,500 principal, charged upon the land by the agreement, was merged in the fee. The trial court properly rejected this defense and entered judgment for the plaintiff; therefrom defendant has appealed.

Under the agreement of 1903, the widow's dower which had been an estate in the land (Schall's App., 40 Pa. 170) became a charge upon it: Dexter's App., 81 Pa. 403. Undoubtedly where the owner of the fee becomes owner of the charge or other lien upon it there may be a merger at law. Equity will prevent this, however,

when necessary to carry out the intention of the parties, as merger is a question of intent and will not take place against the manifest wishes of the party affected by it: Miller, for use, v. Griffith, 268 Pa. 409; see also Carrow v. Headley, 155 Pa. 96; Danhouse's Est., 130 Pa. 256; Updegrove v. Updegrove, 1 Pa. 136; Kreamer v. Fleming, 191 Pa. 534. There will be no merger where all the writings plainly indicate an intention not to merger: Fenton v. Fenton, 208 Pa. 358, 362; Smith v. Danielson, 45 Pa. Superior Ct. 125; 10 R. C. L., p. 668; Ibid., vol. 17, p. 649. That no merger was intended in the instant case is manifest. The contract expressly provides for payment of the $2,500 to the heirs of Daniel Diller, on the death of the widow, a useless provision if the only purpose was to secure the widow's $125 a year, The provision for the widow was the interest on the amount stipulated, during her life, to secure which the principal charge remained. It is difficult to see how the interest on a debt could be collected after the debt was paid. If the principal remained unpaid until the widow's death, then, as it was in fact payable to one party by another, there would be no merger.

Furthermore, the deeds of 1918 expressly recognize the $2,500 as a charge upon the land to be paid at the widow's death. Equity will not suffer the defendant, who received credit for the $2,500 as part of the consideration of his purchase and took the land subject thereto, to avoid his contract on such a very technical ground. The language of Mr. Justice THOMPSON, in Dech v. Gluck, 47 Pa. 403, 410, is applicable. "Here again is the clearest evidence that the defendant accepted the purpart of the estate of Jacob Boyer, deceased, in right of his wife, less the amount of the entire encumbrance, on the ground that he was eventually to pay it. Having done so, having received the advantages of it in the appraisement, why shall he not pay it? He loses nothing which in honesty he ought not to lose; and there is nothing contrary to positive enactment or gen-

eral law, which pronounces it wrong that he should pay it. He consented to take title subject to it, and if he does not pay it, the estate of the plaintiff's intestate is simply wronged out of it, for it is demonstrable that it has never realized the benefit of it in the transfer of the land, or in any other way." "Equitable merger is largely a question of intention, and where there is no intention, actual or presumed, of the person in whom a charge upon land and the title to the land are both vested, that there shall be a merger, equity will not hold the charge as extinguished": Carrow v. Headley, supra. The authorities just cited are controlling of the present controversy. See also Van Ormer's Est., 25 Pa. Superior Ct. 234; Dull v. Slater, 31 Pa. Superior Ct. 488, 494. We have examined all the references called to our attention by the industry of appellant's counsel and find they do not control the case at bar.

That assumpsit may be maintained to recover such a charge is well settled. See De Haven v. Bartholomew, 57 Pa. 126; Kline v. Bowman, 19 Pa. 24; Shelly v. Shelly, 8 W. & S. 153; Pidcock v. Bye, 3 Rawle 182; Smith v. Danielson, supra.

As to the question of estoppel, raised by appellee, we express no opinion. In view of the Act of June 12, 1878, P. L. 205, the judgment, however, should have been entered against the defendant de terris. This does not seem to have been stressed in the lower court.

The judgment is affirmed and so modified as to stand against the defendant de terris.