## UNION JOINT STOCK LAND BANK OF DETROIT, MICH., v. BYERS et al.

### No. 3082.

District Court, W. D. Pennsylvania.

Jan. 6, 1938.

Edwin B. Goldsmith, of Pittsburgh, Pa., for plaintiff.

Sterling, Field & Martin, by E. Dale Field, all of Uniontown, Pa., for defendants.

McVICAR, District Judge.

Robert S. Byers died intestate, June 26, 1914, seized of a tract of land situate in Franklin Township, Fayette County, Pennsylvania. His heirs were his widow and twelve children, in whom said tract vested under the Intestate Laws of the Commonwealth of Pennsylvania.

August 22, 1918, the heirs, including the widow, sold and conveyed their interest by deed, in the aforesaid tract of land, to one of the heirs, Thomas Benjamin Byers, for a consideration of $7,000, subject to a dower charge of $2,333.34, the interest to be paid annually to the widow during her natural lifetime, and the principal at her death, to those legally entitled thereto.

September 30, 1918, Thomas Benjamin Byers and his wife procured a mortgage from George Work in the sum of $4,200, for the purpose of financing the purchase aforesaid, which mortgage was duly recorded in the Recorder's Office of Fayette County, Pennsylvania. The widow and heirs executed a paper postponing the dower charge in favor of said mortgage.

The widow died October 24, 1925.

March 13, 1927, Thomas Benjamin Byers and his wife made an application for a mortgage loan of $5,500 to the Ohio-Pennsylvania Joint Stock Land Bank of Cleveland. April 1, 1927, loan was granted in the sum of $4,500. The mortgage was executed and placed of record in Fayette County, Pennsylvania, against said tract of land. The mortgage money was paid by the Land Bank to Byers with the understanding that he would pay and cause

to be satisfied the Work mortgage; that the balance would be applied on taxes and other charges, the remainder to be used on account of payment of the dower charge aforesaid; and that he, Byers, would procure a quit claim deed or a postponement of lien of said dower charge. About two years subsequent to said mortgage, Byers, having failed to procure a quit claim deed for said dower charge, foreclosure proceedings being threatened, a meeting was held at which a representative of the Land Bank was present with two or three of the owners of the dower charge. These owners agreed to have a paper prepared, postponing said lien, which was to be effective if all of the heirs signed said paper. Six of the heirs signed such a paper, four of them under the express condition that it would not be valid unless signed by all of the heirs. The paper was delivered by the attorney who prepared it, to the Land Bank, at the request of Thomas Benjamin Byers, without authority from any of the heirs who had signed the same.

June 30, 1931, the Ohio-Pennsylvania Joint Land Bank of Cleveland assigned the aforesaid mortgage to the plaintiff, the Union Joint Stock Land Bank of Detroit, Michigan.

February 8, 1932, in a proceeding in the Court of Common Pleas of Fayette County, Pennsylvania, the heirs caused a judgment to be entered against Thomas Benjamin Byers for the amount of the dower charge, $2,333.34 and interest.

February 15, 1932, plaintiff caused judgment to be entered on the note accompanying its mortgage.

April 5, 1932, Thomas Benjamin Byers filed a petition and was adjudicated a voluntary bankrupt by this court.

The Trustee in Bankruptcy, under direction of this court, sold and delivered a deed to plaintiff for said tract of land, the conveyance being made subject to said dower charge.

April 10, 1935, the plaintiffs in the action in Fayette County on the aforesaid dower charge, issued a writ of Levari Facias for the purpose of selling the aforesaid tract of land.

This court, by Judge Schoonmaker, in this suit granted a preliminary injunction. This court, also, by the same judge, refused the motion to dismiss the bill. A hearing was held and the facts were found as hereinbefore set forth.

■ Plaintiff contends that the lien of the dower charge aforesaid was discharged by the sale in bankruptcy. In the proceedings culminating in the sale, it was expressly provided that the land should be sold, discharged of all liens, excepting said dower charge; and in the deed of the trustee to the purchaser, plaintiff, it was expressly stated that the sale was made "subject to a dower charge of $2333.34 as reserved in a deed from Caroline Byers et al to Thomas Benjamin Byers, recorded in the Recorder's Office of Fayette County, Pennsylvania, in Deed Book Vol. 374, page 340." It is evident, therefore, that it was not the intention in the bankruptcy proceedings to sell the property free and discharged of the lien of the dower charge, but on the contrary, that the dower charge should remain a charge against said land. Plaintiff and its predecessor, the Ohio-Pennsylvania Joint Stock Land Bank of Cleveland, recognized the dower charge as a lien after the death of the widow. They endeavored to procure a quit claim deed from the heirs, and failing in that, they attempted to procure a postponement of the dower charge in favor of the mortgage held by the plaintiff. The dower charge was a charge upon the aforesaid tract of land. Hurst v. Spotts, 294 Pa. 221, 144 A. 91. It was not intended, nor was it in fact or law discharged by the sale in bankruptcy.

■ Plaintiff contends that it is entitled to be subrogated to the rights of George Work under his mortgage. In 1927, Byers together with his wife, made an application to the Ohio-Pennsylvania Joint Stock Land Bank of Cleveland for a mortgage loan of $5,500; the amount granted by the bank was $4,500. A mortgage was executed therefor and placed of record in the Recorder's Office of Fayette County. The mortgage loan, less expenses, was paid to Byers. Byers, from the money received, paid the Work mortgage, which was satisfied of record. At the time he received the money from the bank he agreed to use the money received in satisfaction of the Work mortgage, to apply the balance to liens and other charges and the remainder to be applied on account of payment of the dower charge. He, also, orally agreed to procure a quit claim deed from the owners of the dower charge, or failing in that, to procure a postponement of the lien thereof.

In Commonwealth, etc., v. Baldwin Bros. Co., 122 Pa.Super. page 403, 186 A. 242, page 244, it is stated: "The object of subrogation is to place a charge where it ought to rest by compelling the payment of a debt by him who ought in equity to pay it. 'In short, the doctrine of subrogation is that one who has been compelled to pay a debt which ought to have been paid by another is entitled to exercise all the remedies which the creditor possessed against that other, and to indemnity from the fund out of which should have been made the payment which he made.' Sheld, Subr. § 11. There can be no right of subrogation in one whose duty it is to pay, or in one claiming under him against one who is secondarily liable. * * * In such a case payment is extinguishment. Nor will subrogation ever be enforced where the equities are equal, or the rights not clear, nor to the prejudice of the legal or equitable rights of others." Royal Arcanum v. Cornelius, 198 Pa. 46, 50, 47 A. 1124." See, also, 60 C.J. 807; 60 C.J. 716; Ohio-Pennsylvania Joint Land Bank v. Blough, 119 Pa.Super. 34, 40, 180 A. 45.

Plaintiff did not file a claim in the bankruptcy proceedings under the Work mortgage, although it had notice of said proceedings; neither was Work made a party to this case.

I conclude that plaintiff is not entitled to subrogation under the Work mortgage.

Let a decree be prepared and submitted in accordance with the foregoing findings of fact, conclusions of law and this opinion.