## Byers et al. *v.* Byers, Appellant.

Argued May 9, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Edwin B. Goldsmith,* with him *A. G. Masters,* for appellant.

*E. Dale Field,* for appellees.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, June 24, 1940:

The question presented is whether plaintiffs' judgment, based upon the principal of a dower charge, shall be accepted by the sheriff, as a credit on the bid made by plaintiffs at the sale, on the judgment, of the property on which the dower was charged, or, whether the judgment was divested by a previous sale of the property by the trustee in bankruptcy of the defendant therein. The court held with plaintiffs, that the judgment was not divested by the bankruptcy sale, and, that it was properly accepted by the sheriff as a credit on their bid. The Union Joint Stock Land Bank of Detroit, which was the owner of the property at the time of the sheriff's sale by virtue of its purchase at the bankruptcy sale, appeals.

The facts to be taken into account are these: Robert S. Byers died in 1914 intestate, leaving a widow and twelve children. The widow and eleven of the children conveyed the property involved to the other child, Thomas B. Byers. In the deed, a dower charge of $2,333.34 was placed on the land for the widow's share, the interest payable to her annually for her life, and the principal to those legally entitled thereto at her death. Thomas B. Byers obtained a mortgage from Ohio-Pennsylvania Joint Stock Land Bank of Cleveland. The mortgagee assigned the mortgage to Union Joint Stock Land Bank of Detroit in the year 1931. The same year, the widow being dead, Thomas B. Byers was sued by the other heirs on the dower charge and judgment was recovered for the amount of the principal due to them.

In 1932, he was adjudicated a bankrupt and the judgment was among the claims proven against him. This judgment was not a general one but a judgment de terris: *Hurst v. Spotts*, 294 Pa. 221, 144 A. 91. On petition of the trustee, the District Court of the United States ordered a sale of the real estate clear of all liens and encumbrances *but subject to the dower charge*. Sale was made to Union Joint Stock Land Bank of Detroit, the holder of the mortgage. The deed recited that the grant was made "subject to a dower charge of $2,333.34 as reserved in a deed from Caroline Byers et al. to Thomas Benjamin Byers," giving the place of record. In 1935, the plaintiffs in the judgment issued a levari facias thereon and the sheriff was proceeding to sell when the Union Joint Stock Land Bank, owner of the property, procured a preliminary injunction from the District Court of the United States. In 1937, plaintiffs in the judgment issued a sci. fa. to revive its lien, naming the Land Bank as terre tenant. In 1938, the District Court dissolved the injunction, which action was affirmed by the United States Circuit Court of Appeals (100 F. (2) 82), and in 1939, plaintiffs proceeded to a sheriff's sale of the property and at the sale became the purchasers. The sheriff, with his return, filed a schedule of distribution and therein allowed to plaintiffs a credit on their bid of the amount of their judgment as a first lien, to which the Land Bank filed exceptions, which were dismissed by the court below, leading to the appeal before us.

It is the contention of appellant that, as the bankruptcy sale divested all liens, plaintiffs' judgment was divested, notwithstanding the reservation in that proceeding, and in the deed which flowed from it, of the dower charge on which the judgment was based, and that the decisions of the United States Courts are not res adjudicata, because their opinions did not decide the question whether the judgment had been divested by the sale. It is argued that the judgment, although

based on the dower charge, did not have any greater standing or validity than any of the other judgments listed as liens against the property. This contention overlooks the fact that the judgment was de terris and merely additional security for the charge *(Ohio-Pa. Joint Stock Land Bank v. Blough,* 119 Pa. Superior Ct. 34, 180 A. 45) and does not give that weight to the decision of the United States .courts to which their language is entitled. The judgment did not share in the proceeds arising from the sale of the bankrupt's estate as it was de terris, and, as the sale was made subject to the charge, the judgment was not divested. That the District Court and the Circuit Court of Appeals did pass on the controversy is shown by the language of their opinions.

Decree affirmed at appellant's cost.